UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD CLEMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-3867 (UNA) |
| ) | |
| ) | |
| COMMONWEALTH OF VIRGINIA ) | |
| ARLINGTON DISTRICT COURT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff Richard Clemons of no fixed address requests judicial review of a protective order issued by the Arlington General District Court in Arlington, Virginia. *See* Compl., ECF No. 1. However, this federal district court lacks jurisdiction to review another court's decisions and order it to take any action. *See Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker-*

*Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court.") (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).  Therefore, this case will be dismissed by separate order.

Date: January 26, 2023

_____/s/_____
CHRISTOPHER R. COOPER
United States District Judge